(45 Misc. Rep. 482.)

### VAN LOAN v. CITY OF NEW YORK et al.

(Supreme Court, Special Term, New York County. December, 1904.)

**1. EMINENT DOMAIN—LANDS OF JUDGMENT DEBTOR—PAYMENT OF AWARD.**

Where lands of a judgment debtor are condemned, the award is properly paid to the receiver of his property appointed in supplementary proceedings.

**2. SAME—RIGHTS OF RECEIVER.**

Where the lands of a judgment debtor are condemned, the right of his receiver, appointed in supplementary proceedings to recover the award, is not measured by the 10 years during which the judgment is a lien under Code Civ. Proc. § 1251, on the debtor's land, but exists for the 20 years during which, under Code Civ. Proc. § 376, the judgment is in force.

Action by Henry F. Van Loan against the city of New York and others to recover on an award for land taken for public use. Demurrer to answer overruled.

William L. Mathor, for plaintiff.

John J. Delany, Corp. Counsel, for defendant city of New York.

BLANCHARD, J.   The plaintiff brings this action to recover from the city of New York the sum of $2,875 and interest, being the amount which he claims is due upon an award made to him for land taken by the city for public use.   It appears that the award was confirmed by this court on July 13, 1900, at which time the plaintiff was the owner of the real estate for which the award was made. As a separate defense the city has interposed an answer to the effect that the plaintiff has not now, and did not have on January 4, 1901 (when the city paid the award to a receiver of plaintiff's property in supplementary proceedings), any right or title to the award, because on January 3, 1891, a judgment was duly docketed in this county against the plaintiff for $9,215.33 in favor of one Wheeler, as trustee; that an execution was duly issued upon the judgment to the sheriff, and was returned unsatisfied on January 9, 1891; that in proceedings supplementary to execution upon said judgment one Church was, on January 15, 1891, appointed receiver of the property of the plaintiff; that on December 11, 1900, said receiver, Church, resigned, and on that day the court appointed one Stephens as receiver in his place, and that thereupon said receiver demanded of the city payment of the said award made to the plaintiff.   The city further alleges that at the time of the institution of the supplementary proceedings the plaintiff was the owner of the real estate for which the award was made, and that by virtue of the orders appointing the receivers the plaintiff's title to said premises vested in the said receivers.   The plaintiff has demurred to this defense upon the ground that it is insufficient in law.   The plaintiff's counsel asserts that the issue involved in this demurrer is whether a receivership in proceedings supplementary to execution has a longer life than the lien of the judgment.   In support of the plaintiff's view of this issue section 1251 of the Code of Civil Procedure is cited.   This section provides that a judgment shall continue a lien upon real estate of a judgment debtor for the period of 10 years after the filing of the judgment roll, and no longer.   This rule has no application to the facts of this case.   The receiver appointed in January, 1891, certainly became vested with the title to the plaintiff's property, including his interest in the real estate for which the award was made to the plaintiff in July, 1900.   As soon as this award was confirmed, the title to this real estate passed out of the plaintiff and the receiver and became vested in the city.   Laws 1887, p. 396, c. 320, § 3.   The title to the award passed to the receiver, in whom the legal title to the real estate had theretofore been vested, and when collected by the receiver it became applicable to the payment of the Wheeler judgment at any time within the period when an execution might have been issued to enforce such payment out of the plaintiff's property, real or personal.   No presumptions arise that a judgment has been paid until 20 years have expired from the time when an execution might have issued to enforce its payment (Code Civ. Proc. § 376), and, while the lien of the judgment

upon the plaintiff's real estate would have ceased upon the expiration of the 10 years, still, if the plaintiff at that time had an interest in any real estate, it could have been levied upon and sold under an execution upon the judgment. Even if the Wheeler judgment was not a lien upon the award as real estate after January 3, 1901, still the award was thereafter subject to the right of the receiver, as its legal owner, to collect it as property of the plaintiff, the judgment debtor, for the purpose of satisfying the execution. It may also be observed that, as the receiver could not have enforced payment of the award by the city for a period of four months from July 13, 1900, when the award was confirmed (Laws 1887, p. 396, c. 320, § 4), the lien of the judgment as against any real estate of the plaintiff was extended a like period—to May 3, 1901. Code Civ. Proc. § 1255. The demurrer should be overruled, with costs.

Demurrer overruled, with costs.